United States District Court
Southern District of Texas
**ENTERED**
August 06, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH WEINMEISTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3151 |
| | § | |
| MARTIN O'MALLEY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Joseph Weinmeister ("Plaintiff") filed this lawsuit against Defendant Martin O'Malley[1] ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (ECF No. 1). Pending before the Court[2] are the parties' cross-motions for summary judgment. (ECF Nos. 11, 13). Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 11) be **GRANTED IN PART** and **DENIED IN PART** and Commissioner's Motion for Summary Judgment (ECF No. 13) be **GRANTED IN PART** and

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. O'Malley is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] On May 6, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 15).

**DENIED IN PART**.  The Court **FURTHER RECOMMENDS** that the case be **REMANDED** for further administrative proceedings consistent with this memorandum.

## I.    Background

Plaintiff filed a claim for disability insurance benefits on November 19, 2020, alleging disability starting on November 19, 2020.  (ECF No. 6-3 at 15).[3] Plaintiff sought benefits for "Back injury at L4-5; Degenerative disk disease; Osteoarthritis; [and] Scoliosis."  (*Id.* at 82).  Plaintiff's claims were initially denied by the Social Security Administration on May 17, 2021, and again on reconsideration on September 10, 2021.  (*Id.* at 94, 116).  On July 8, 2022, Plaintiff requested a hearing before an Administrative Law Judge.  (*Id.* at 215). On April 7, 2022, Plaintiff appeared and testified at a hearing before ALJ Cecilia LaCara (the "ALJ").  (*Id.* at 38).  Plaintiff was represented by counsel at the hearing.  (*Id.*).  Kimberly Mullinax, a vocational expert ("VE"), also testified.  (*Id.*).

On May 11, 2022, the ALJ issued a decision, finding Plaintiff not disabled at Step Four of the evaluation process.[4]  (*Id.* at 15–31).  At Step One, the ALJ

---

[3] The Administrative Record in this case can be found at ECF No. 6.

[4] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5)

found Plaintiff had not engaged in substantial gainful activity since November 19, 2020. (*Id.* at 17). At Step Two, the ALJ found Plaintiff has the following severe impairment: "lumbar spine degenerative disk disease (20 CFR 404.1520(c))." (*Id.*). At Step Three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 23). The ALJ determined Plaintiff has the Residual Functional Capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally climb ramps/stairs, ladders, ropes, and scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He can frequently balance. He must avoid concentrated exposure to wetness and excessive industrial vibration." (*Id.* at 24). At Step Four, the ALJ found Plaintiff is capable of performing past relevant work as a construction superintendent; sales superintendent; contractor; sales representative; and estimator. (*Id.* at 29). The ALJ alternatively considered Step Five and found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform—such as cashier II, storage facility rental clerk, and furniture rental

---

whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

consultant—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 30–31).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on June 7, 2023. (*Id.* at 1). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.    Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*,

209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III.  Discussion

Plaintiff asserts four points of error. Plaintiff argues the ALJ (1) failed her duty to fully develop the record by not requesting Medical Expert testimony or a more recent Consultative Examination; (2) violated SSR 16-3(p) to find

Plaintiff's symptoms "are not entirely consistent with the medical evidence and other evidence in the record;" (3) violated SSR 96-3(p) to find Plaintiff's ADHD impairments as non-severe; and (4) violated SSR 96-8(p) in failing to evaluate Plaintiff's abilities on a function-by-function basis.    (ECF No. 11 at 1). Conversely, Commissioner argues the ALJ (1) was not required to call a medical expert or to further develop this case; (2) correctly assessed Plaintiff's symptoms under SSR 16-3p; (3) properly found Plaintiff's ADHD to be non-severe; and (4) properly relied on the state agency medical consultant's function-by-function analysis in making her findings. (*See* ECF No. 13). The Court will address each argument in turn.

### A.    Development of the Record

First, Plaintiff argues the ALJ failed her duty to fully develop the record. (ECF No. 11 at 4).  Specifically, Plaintiff argues the ALJ violated the Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-2-5-34 by not requesting medical expert testimony and 20 CFR § 404.1527(c)(3) by not ordering a Consultative Examination.  (*Id.*).  Conversely, the Commissioner contends the ALJ was not required to call a medical expert or to further develop this case. (ECF No. 13 at 3).

6

At Step Three, the ALJ found Plaintiff's spine symptoms do not meet Listing 1.15.[5]  (ECF No. 6-3 at 23).  Listing 1.15 concerns disorders of the skeletal spine resulting in compromise of a nerve root.  The ALJ laid out how Plaintiff could qualify for Listing 1.15 but explained the evidence did not support such a finding.  (*Id.* at 23–24).  The ALJ stated, "[f]or instance, the medical record does not reflect a documented medical need for a walker or any other assistive device." (*Id.* at 24).  The ALJ also noted that "[n]o acceptable medical source designated to make equivalency findings has concluded that [Plaintiff]'s impairment medically equals a listed impairment." (*Id.*).

As noted by Commissioner, per HALLEX I-2-5-34, this case does not present an instance when the ALJ would be required to obtain a medical expert opinion because the ALJ found no evidence to support a finding that Plaintiff met or equaled Listing 1.15.[6]  Plaintiff misconstrues HALLEX I-2-5-34 in arguing that the ALJ *must* obtain a medical expert opinion simply because she considered whether Plaintiff met or equaled a Listing.  (*Id.* at 5).  This

---

[5] Plaintiff argues the objective medical evidence supports a finding of medical equivalence for his anxiety to Listing 12.06.  (ECF No. 11 at 9).  Plaintiff also discusses Listing 12.11.  (*Id.* at 9–10).  However, the ALJ found Plaintiff did not suffer from severe mental impairments and, thus, did not consider whether Plaintiff's anxiety or ADHD met a listing.  (*See* ECF No. 6-3 at 18).

[6] HALLEX I-2-5-34(A)(1) states an ALJ *must* obtain a medical expert opinion when: (1) the Appeals Council or federal court ordered a medical expert opinion; (2) there is a question about the accuracy of medical test results reported, requiring evaluation of background medical test date; or (3) the ALJ is considering finding that a claimant's impairment(s) medically equals a listing.

consideration is a routine part of an ALJ's five-step evaluation. Further, Plaintiff's interpretation would essentially require every ALJ to obtain a medical expert opinion in each case that they consider a Listing, which would render HALLEX I-2-5-34 and its explanations of when obtaining such a report is discretionary and nondiscretionary meaningless.

However, while the ALJ offers a one sentence explanation of her conclusion that the evidence does not support a finding that Plaintiff meets Listing 1.15, the Court finds the ALJ "failed to provide any analysis of medical equivalency." *Cooper v. Comm'r of Soc. Sec. Admin.,* No. 5:21-cv-132, 2023 WL 2533121, at *18 (E.D. Tex. Feb. 15, 2023), *report and recommendation adopted*, No. 5:21-cv-132, 2023 WL 2527157 (E.D. Tex. Mar. 15, 2023); *Persley v. Comm'r of Soc. Sec. Admin.*, No. 3:10-cv-1761, 2011 WL 4058985, at *4 (N.D. Tex. Aug. 22, 2011), *report and recommendation adopted*, No. 3:10-cv-1761, 2011 WL 4056177 (N.D. Tex. Sept. 13, 2011) (recommending remand at Step Three and explaining that "[i]n his decision, the ALJ explains why Plaintiff does not meet medical listing 7.05 but does not discuss why Plaintiff's condition does not *equal* that medical listing") (emphasis in original); *Mapps ex rel. M.J. v. Astrue*, No. 3:09-cv-2226, 2010 WL 1946662, at *14 (N.D. Tex. Apr. 30, 2010), *report and recommendation adopted*, No. 3:09-cv-2226, 2010 WL 1948363 (N.D. Tex.

May 13, 2010) ("A failure to consider whether impairments medically equal a listed impairment is reversible error.").

"Although it is not always necessary that an ALJ provide an exhaustive discussion of the evidence, bare conclusions, without any explanation for the results reached, may make meaningful judicial review of the Commissioner's final decision impossible." *Daniel v. Comm'r of Soc. Sec. Admin.*, No. 5:20-cv-00155, 2022 WL 1517177, at *10 (E.D. Tex. Mar. 24, 2022) (internal quotations omitted). Here, the Court finds the ALJ's failure to properly analyze Listing 1.15 at Step Three of the five-step sequential evaluation process constitutes legal error.

Not every error warrants reversal or remand. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). "Procedural perfection in administrative proceedings is not required," and the Court will vacate a judgment only if "the substantial rights of a party have been affected." *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (internal quotations omitted).

Plaintiff points to evidence regarding the severity and intensity of his back pain. (ECF No. 11 at 7–8). After reviewing the medical evidence in the record and the entirety of the ALJ's opinion, the Court finds the ALJ's Step Three error was not harmless. Because Plaintiff has presented evidence which corresponds to the requisite criteria under Listing 1.15, the Court finds

9

Plaintiff's substantial rights were affected by the ALJ's failure to provide a sufficient explanation as to her Step Three finding and by her failure to explicitly analyze medical equivalence in her Step Three determination.  *See Woodbridge v. Colvin*, No. 15-cv-485, 2016 WL 4253971, at \*10 (M.D. La. July 14, 2016), *report and recommendation adopted*, No. 15-cv-485, 2016 WL 4257051 (M.D. La. Aug. 10, 2016) (finding the ALJ failed to provide analysis of medical equivalency and instructing the ALJ on remand to analyze medical equivalence in his Step Three determination in the event he finds plaintiff failed to meet the Listing at issue).

Plaintiff also argues the ALJ violated 20 C.F.R. § 404.1527(c)(3) by not ordering a consultative examination.  (ECF No. 11 at 11).  Commissioner first notes 20 C.F.R. § 404.1527(c)(3) is no longer in effect as of 2017.  (ECF No. 13 at 8).  Commissioner then adds that 20 C.F.R. § 404.1520b(b)(2)[7] only requires an ALJ to order a consultative examination when the record contains insufficient evidence to make a decision.  Thus, the Court agrees with Commissioner that the decision to call a consultative examiner is left to the discretion of the ALJ.

---

[7] 20 C.F.R. § 404.1520b(b)(2) states in relevant part: "[i]f . . . we have insufficient evidence to determine whether you are disabled, or if after weighing the evidence we determine we cannot reach a conclusion about whether you are disabled. . . [w]e may ask you to undergo a consultative examination at our expense . . . ."  20 C.F.R. §§ 404.1520b(b)(2), 404.1520b(b)(2)(iii).

**B.    SSR 16-3(p)**

Next, Plaintiff argues the ALJ failed to comply with SSR 16-3(p) when evaluating his subjective symptoms. (ECF No. 11 at 12). Conversely, Commissioner contends the ALJ correctly assessed Plaintiff's symptoms under SSR 16-3p. (ECF No. 13 at 9). The Court agrees with Commissioner.

Under SSR 16-3, an ALJ analyzes a claimant's subjective complaints under a two-step process. *Soc. Sec. Ruling 16-3p: Titles II & Xvi: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). First, the ALJ determines whether there is a medically determinable impairment that could reasonably be expected to produce the plaintiff's alleged symptoms. 20 C.F.R. § 1529(c); SSR 16-3, 2016 WL 1119029, at *3–5. Then, the ALJ evaluates the intensity and persistence of the plaintiff's symptoms to determine the extent to which a plaintiff's symptoms limit their ability to perform work related activities. 20 C.F.R. § 1529(c); SSR 16-3, 2016 WL 1119029, at *3–5. In addition to the objective medical evidence, the ALJ also evaluates the intensity, persistence and limiting effects of an individual's symptoms by considering: (1) the plaintiff's daily activities; (2) the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the plaintiff takes or has taken

to alleviate pain or other symptoms; (5) treatment, other than medication, which the plaintiff receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the plaintiff uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the plaintiff's functional capacity, limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *7. The Court agrees with Commissioner that the ALJ considered these factors.

Here, the Court finds that the ALJ properly considered the record, Plaintiff's symptoms, the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 1529 and SSR 16-3p. (ECF No. 6-3 at 24–29). In her analysis, the ALJ reviewed medical records, Plaintiff's subjective complaints, Plaintiff's activities, Plaintiff's work history, and medical opinions. (*Id.*). "[T]he ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-cv-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). Further, "[t]he fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all

12

of the other evidence in the record." *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010); *see also Todd C. v. Saul*, No. 4:19-cv-1811, 2021 WL 2651166, at *12 (S.D. Tex. June 28, 2021) ("An ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it.").

The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Accordingly, the Court finds that substantial evidence supports the ALJ's assessment of SSR 16-3.

### C.    Plaintiff's ADHD Impairments

Third, Plaintiff contends the ALJ violated SSR 96-3(p) to find Plaintiff's ADHD impairments as non-severe. (ECF No. 11 at 16). Plaintiff's entire argument on this point consists of three sentences: "The ALJ erroneously determined [Plaintiff]'s cognitive impairment of ADHD. However, the record shows [Plaintiff]'s neurocognitive issues, especially his ADHD, have significantly limited his ability to do basic work activities. Moreover, [Plaintiff]'s ADHD likely meets the requirements of Listing 12.11, as mentioned above." (*Id.* (internal citation omitted)). "[The briefing] includes no citations to evidence in the record nor any caselaw to support this contention. [Thus,] [t]his argument is deemed waived, as it is not enough to mention a

possible argument in the most skeletal way, leaving the Court to do considerable work." *Daigle v. Kijakazi*, No. 21-cv-764, 2022 WL 16848786, at *7 n.3 (E.D. La. July 8, 2022), *report and recommendation adopted sub nom*. *Daigle v. Saul*, No. 21-cv-764, 2022 WL 16848785 (E.D. La. Oct. 14, 2022), *aff'd sub nom. Daigle v. Kijakazi*, No. 22-30721, 2023 WL 4501865 (5th Cir. July 12, 2023) (citing Cinel v. Connick, 15 F.2d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."))

## D.    Function-by-function Basis

Lastly, Plaintiff argues the ALJ violated SSR 96-8(p) in failing to evaluate his abilities on a function-by-function basis.  (ECF No. 11 at 16). Commissioner contends the ALJ properly relied on the state agency medical consultant's function-by function analysis in making her findings.  (ECF No. 13 at 17).  The Court agrees with Commissioner.

"[T]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Jeansonne v. Saul*, 855 F. App'x 193, 198 (5th Cir. 2021) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a).  "It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis.  A regular and continuing basis is an eight-hour day, five days a week, or an equivalent

schedule." *McMillian v. Colvin*, No. 4:12-cv-661, 2014 WL 61172, at *6 (N.D. Tex. Jan. 6, 2014). The ALJ's RFC assessment "involves both exertional and non-exertional factors." *Finley v. Saul*, No. 20-cv-471, 2022 WL 815461, at *6 (M.D. La. Feb. 11, 2022). Pursuant to SSR 96-8p, an ALJ's RFC assessment must be "based upon 'all of the relevant evidence in the case record,' including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Gray v. Astrue*, No. 1:09-cv-0101, 2011 WL 856941, at *5 (N.D. Tex. Mar. 11, 2011) (quoting SSR 96–8p, 1996 WL 374184 at *2 (emphasis omitted)). "Although the social security regulations require an assessment of work-related abilities on a 'function-by-function basis,' . . . an ALJ may rely on a 'function-by-function' assessment performed by a state examiner." *Clark v. Astrue*, No. 3-10-cv-1946, 2011 WL 4000872, at *4 (N.D. Tex. Sept. 8, 2011).

As noted by Commissioner, the ALJ found Dr. Carolyn Hildreth's, state agency medical consultant, physical assessment of Plaintiff persuasive. (ECF No. 13 at 17; *see also* ECF No. 6-3 at 28). Dr. Hildreth completed a physical RFC assessment of Plaintiff on May 17, 2021. (ECF No. 6-3 at 81–95). An RFC assessment based in part on the function-by-function analysis of Plaintiff's exertional limitations contained in a state consultant's medical report satisfies

the legal standard set forth in SSR 96–8p. *See Gayfield v. Kijakazi*, No. 3:22-cv-375, 2023 WL 2297405, at *11 (W.D. La. Feb. 10, 2023), *report and recommendation adopted,* No. 3:22-cv-00375, 2023 WL 2277113 (W.D. La. Feb. 28, 2023) (citing *Beck v. Barnhart*, 205 Fed. App'x. 207, 214 (5th Cir. 2006); *Onishea v. Barnhart*, 116 Fed. App'x. 1, 2 (5th Cir. 2004)); *see also Neill v. Kijakazi*, No. 4:21-cv-01744, 2022 WL 1809309, at *3 (S.D. Tex. June 2, 2022), *report and recommendation adopted*, No. 4:21-cv-01744, 2022 WL 2193415 (S.D. Tex. June 17, 2022) (collecting cases). Accordingly, the Court finds Plaintiff's argument without merit.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment (ECF No. 11) be **GRANTED IN PART** and **DENIED IN PART**. The Court specifically recommends it be denied as to Plaintiff's claims that the ALJ (1) violated SSR 16-3(p) to find Plaintiff's symptoms "are not entirely consistent with the medical evidence and other evidence in the record;" (2) violated SSR 96-3(p) to find Plaintiff's ADHD impairments as non-severe; and (3) violated SSR 96-8(p) in failing to evaluate Plaintiff's abilities on a function-by-function basis, but granted as to Plaintiff's claim regarding the ALJ's findings at Step Three. The Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 13) be **GRANTED IN PART** and

**DENIED IN PART**, as it corresponds to the Court's explanation above.  The Court **FURTHER RECOMMENDS** that the case be **REMANDED** for further administrative proceedings, consistent with this opinion, including an explanation on why Plaintiff's condition does not *equal* Listing 1.15.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on August 6, 2024.

Richard W. Bennett
United States Magistrate Judge